Whaley, Chief Justice,
delivered the opinion of the Court:
This case involves the construction of Section 7 of the Act of June 10, 1922 (42 Stat. 628, 629), which provides:
That when the total of base pay, pay for length of service and allowances for subsistence and rental of quarters, authorized in this Act for any officer below the grade of brigadier general or its equivalent, shall exceed $7,200 a year, the amount of the allowances to which such officer is entitled shall be reduced by the amount of the excess above $7,200: Provided, That this section shall not apply to the Captain Commandant of the Coast Guard nor to the Director of the Coast and Geodetic Survey.
The stipulation of the parties shows that the plaintiff is a Lieutenant Colonel in the United States Army on active duty and has had deducted from his pay and allowances for the fiscal year from July 1, 1937, to June 30, 1938, inclusive, the sum of $140.73, being the difference between the pay and allowances as provided by law for an officer of his rank and length of service, with dependents, and the amount actually paid to him.
During the first four months of the fiscal year in question, plaintiff did not occupy Government quarters and therefore was entitled to the pay and allowances, including commutation of quarters, for an officer of his rank, with dependents'. During this period the aggregate of his base pay and allowances exceeded $600 a month. The Finance Officer of the Army withheld from the plaintiff all in excess of $600 a month, interpreting the statutory limitation of *315 $7,200 a year on plaintiff’s total pay and allowances to mean a daily limitation of $20 or a monthly limitation of $600. However, during the last eight months of the fiscal year the plaintiff occupied Government quarters and therefore was not entitled to commutation of quarters. During these months his pay and allowances amounted to less than $600 a month with the result that at the end of the fiscal year he received a total of $6,519.31, which was below the yearly amount limited by the statute.
The act specifically states that only “when the total of base pay, pay for length of service and allowances for subsistence and rental of quarters * * * shall exceed $7,200 a year, the amount of the allowances to which such officer is entitled shall be reduced by the amount of the excess above $7,200.” It deals with an annual amount and provides only for a reduction when that annual amount is overreached. Under the terms of this section an officer is given the right to receive the full amount of base pay, pay for length of service and allowances for subsistence and rental of quarters so long as the total of all these items does not exceed the maximum fixed in the statute. A daily or monthly computation of pay and allowances is not mentioned in the statute. The computation is to be made for the year. All salaries of the Government are based on the fiscal year and Congress appropriates for salaries on the fiscal-year basis.
It is admitted that plaintiff’s total of base pay, pay for length of service, and allowances for subsistence and rental of quarters during the fiscal year in question was several hundreds of dollars under the amount named in the statute and even with the addition of $140.73, which was deducted by the Finance Officer, would still be below that amount.
To uphold the contention that, by a monthly or daily computation of pay and allowances, a reduction can be made, although the total amount actually received for the year was not in excess of the amount named in the statute, would constitute an exercise of judicial legislation in which this court has neither the right nor the power to indulge, and would require a holding that, although Congress had employed plain, positive, and easily understood language to *316 express its intention, it bad in reality intended something different which it did not express.
The reduction by the Finance Officer was unwarranted. Plaintiff is entitled to recover.
Judgment is entered for the plaintiff in the sum of $140.73. It is so ordered.
Whitaker, Judge-; LittuetoN, Judge; and Green, Judge, concur.